UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARI FRANKLIN                                          JURY TRIAL DEMANDED

v.                                                      CASE NO.  3:11CV

CAROLYN M. FUTTNER
CUDA & ASSOCIATES, LLC

COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act.

2.  The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3.  Plaintiff is a natural person who resides in Connecticut.

4.  Defendant Futtner regularly collects debts by appearing in court or writing letters on behalf of CUDA & Associates, LLC ("CUDA").

5.  CUDA buys defaulted consumer accounts.

6.  The Law Offices of Benjamin Morris LLC is defendant Futtner's employer and Benjamin Morris is the owner and managing member of CUDA.

7.  In March, 2011, plaintiff received a notice of small claims suit signed by defendant Futtner wherein CUDA, as the owner of a Juniper VISA card with ITunes, wherein defendants claimed that certain amounts were "due and owing" including interest at 10%.

8.  The notice of small claims suit provided the validation notice required by 15 U.S.C. § 1692g, including the representation that "If you notify this office in writing… that the debt, or any portion thereof, is disputed this office will obtain verification of the debt… and a copy of such verification will be mailed to you by this office."

9. On March 11, 2011, plaintiff notified the office of Benjamin Morris of her dispute and requested specific information:

- What the money you say I owe is for;
- Explain and show me how you calculated what you say I owe including interest;
- Provide me with copies of any papers that show I agreed to pay what you say I owe;
- Provide a copy of all account statements;
- Provide a copy of any letters you claim to have sent to me
- Provide a copy of any contract I signed.

10. On March 23, defendant responded that "this account was originated by Barclays Bank, formerly Juniper Visa Card with Itunes" and that "My client is not in possession of any original signed documentation but will be provided to you upon my client's receipt of the same."

11. Neither defendant requested or received original signed documentation or any additional information at any time.

12. On March 31, plaintiff notified Benjamin Morris, "that I have made specific disputes and the response does not address my specific disputes."

13. Despite failure to respond to plaintiff's dispute, or to verify the alleged debt in any way, defendant continued efforts to collect the disputed account.

14. On April 11, 2011, plaintiff again requested specific information:

1. date of consumer credit agreement;
2. name of original creditor;
3. complete history of assignment of account;
4. date of my last payment;
5. amount of last payment;
6. date of last purchase or cash advance;
7. original credit card number and history of account numbers if numbers changed;
8. outstanding balance on date of last payment;
9. calculation of outstanding balance on date of last payment setting forth amount of purchases, interest charged, and late, over-the-limit and other fees assessed;
10. statement of how interest rate was calculated along with copies of all documents that changed agreement, interest rate, and fees;

11. copies of all consumer credit agreements and all extrinsic documents referred to in the agreements and, if an extrinsic index was used to calculate interest rate, proof of rate in that index on date calculation was made.

15. On April 15, defendants responded "that this account was originated by Juniper VISA Card with ITunes," and that "My client is not in possession of any original signed documentation but will be provided to you upon my client's receipt of the same."

16. By letter dated October 14, defendants signed a response to production, still without addressing plaintiff's disputes:

1. date of consumer credit agreement; UNKNOWN
2. name of original creditor; BARCLAYS' BANK
3. complete history of assignment of account; BARCLAY'S BANK ORIGINATED THE ACCOUNT ON 1/19/07; BARCLAY'S ASSIGNED THE ACCOUNT TO THE SAGRES COMPANY ON 4/17/09; THE SAGRES COMPNAY ASSIGNED THE ACCOUNT TO CUDA & ASSOCIATES ON OR ABOUT 4/17/09
4. date of my last payment; 12/7/07
5. amount of last payment; UNKNOWN
6. date of last purchase or cash advance; NO ANSWER
7. original credit card number and history of account numbers if numbers changed; LAST KNOWN ACCOUNT NUMBER… 3270
8. outstanding balance on date of last payment; UNKNOWN
9. calculation of outstanding balance on date of last payment setting forth amount of purchases, interest charged, and late, over-the-limit and other fees assessed; UNKNOWN
10. statement of how interest rate was calculated along with copies of all documents that changed agreement, interest rate, and fees; UNKNOWN
11. copies of all consumer credit agreements and all extrinsic documents referred to in the agreements and, if an extrinsic index was used to calculate interest rate, proof of rate in that index on date calculation was made. THE PLAINTIFF IS NOT IN POSSESSION OF ANY SUCH DOCUMENTS.

17. Despite having no admissible evidence as to whether or how much plaintiff owed on the account, and despite having failed to address plaintiff's specific disputes, defendant continued to collect on the account by appearing on the trial date, October 28, 2011.

18. Because of lack of admissible evidence, defendants requested a continuance.

19. Defendants did not contact Barclay's Bank or Juniper VISA in order to investigate

or respond to plaintiff's disputes.

20. In the collection efforts after April 11, 2011, defendants violated the FDCPA, § 1692d, -e, -f(1), or -g. Defendant CUDA violated the parallel provisions of the CCPA. WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA against each defendant, as well as fees incurred in defending the small claims action.

2. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the CCPA against CUDA, as well as fees incurred in defending the small claims action.

3. Award such other and further relief as law or equity may provide.

                THE PLAINTIFF

                BY__/s/ Joanne S. Faulkner__
                JOANNE S. FAULKNER ct04137
                123 AVON STREET
                NEW HAVEN, CT 06511-2422
                (203) 772-0395
                faulknerlawoffice@snet.net